## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TERRANCE BRANTLEY,
MARCELLAS KING,

      Plaintiffs,

    v.                          Case No.:  6:23-cv-00536-WWB-LHP

UNITED STATES OF AMERICA,

      Defendant.

### ORDER

Before the Court are two motions: Plaintiff Marcellas King's Motion to Tax Costs as Prevailing Party (Doc. No. 63), to which Defendant the United States of America has responded (Doc. No. 67), and the United States' Motion in Support of Application for Taxable Costs/Entitlement to Amend the Judgment (Doc. No. 66), to which Plaintiff King has not responded.

Both motions involve the potential application of an Offer of Judgment, which is attached to the United States' motion.  *See* Doc. No. 67; Doc. No. 66-2.  The Offer of Judgment states that the United States will pay both Plaintiffs "the amount of $99,000 globally for both Plaintiffs divided in a manner to which they see fit, which sum shall include all costs accrued to date in this action and any claim for attorney's fees incurred to date in this action."  *See* Doc. No. 66-2.

-1-

Federal Rule of Civil Procedure 68 mandates that an offer of judgment include "specified terms." Fed. R. Civ. P. 68(a); *see also Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 942-43 (11th Cir. 2020) ("Rule 68 offers are governed by normal principles of contract law" and ambiguous offers, while "not necessarily invalid," are to be construed against the drafter). Here, there is an issue as to whether the quoted term from the Offer of Judgment was sufficiently specified, specifically regarding the unallocated lump sum amount, which raises concerns as to whether the Court can assess if Plaintiff King actually received a judgment in an amount lower than what was listed in the Offer of Judgment. *See, e.g., Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1076-77 (7th Cir. 1999) (finding unallocated offer of judgment to multiple plaintiffs did not trigger Rule 68's mandatory cost-shifting provision because there must be "a clear baseline from which plaintiffs may evaluate the merits of their case relative to the value of the offer," and because "courts also need easily comparable sums."); *Thomas v. Nat'l Football League Players Ass'n*, 273 F.3d 1124, 1130 (2d Cir. 2001) ("an unallocated offer of judgment to multiple plaintiffs is not effective under Rule 68."). Neither side has addressed this issue in their motion papers, therefore the Court finds supplemental briefing appropriate.

Accordingly, within **fourteen (14) days** from the date of this Order, the United States and Plaintiff King shall each file a supplemental response, not to

-2-

exceed **ten (10) pages** in length, addressing by citation to applicable legal authority, the issues raised in this Order. **Failure to support any argument by citation to applicable legal authority may result in the Court deeming the argument waived.**

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

-3-